IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JERRY W. POOLE                                                                                    PLAINTIFF

4:20-CV-00548-BRW

THOMAS E. POOLE, *et al.*                                                                  DEFENDANTS

## ORDER

For the reasons set out below, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is DENIED and this case is DISMISSED.

Plaintiff seeks to remove his brothers from the "Medical Health Proxy" of his mother, because he believes they are not acting in her best interest.[1]  Plaintiff also asserts claims of medical malpractice on behalf of his mother.

 Federal court diversity jurisdiction requires an amount in dispute over $75,000 and that all the parties on one side of the controversy must be citizens of different states from all of the parties on the other side.[2]  Plaintiff alleges only state-law claims.  Additionally, Plaintiff and at least one Defendant are citizens of Arkansas, so diversity is lacking.

Furthermore Jerry Poole, is not a licensed attorney but is filing a complaint (regarding at least some of the claims) on behalf of his mother.  This constitutes the unauthorized practice of law.[3]

---

[1] Doc. No. 2.

[2] 28 U.S.C. § 1332; *Indianapolis v. Chase National Bank*, 314 U.S. 63, 70 (1941).

[3] *Bass ex rel. L.B. v. State*, 93, Ark. App. 411, 413-414 (2005) (holding that a non-lawyer father's attempt to appeal on behalf of his minor child constituted the unauthorized practice of law).

Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business.[4] However, it is well settled that only a licensed attorney may represent another party in court.[5] Arkansas law strongly disfavors non-lawyers representing the interests of others:

> In light of our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity.[6]

When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity.

## CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is DENIED, and this case is DISMISSED without prejudice.

IT IS SO ORDERED this 22nd day of May, 2020.

                                    Billy Roy Wilson
                                    UNITED STATES DISTRICT JUDGE

---

[4] *Stewart v. Hall*, 129 S.W.2d 238 (Ark. 1939).

[5] See *Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996) (A non-lawyer trustee may not represent a trust *pro se* in federal court.); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994) (Non-lawyer purported trustees could not represent trust in court of United States.); *Abel v. Kowalski*, 913 S.W.2d 788 (Ark. 1996) (Appellant, who appeared *pro se*, but tendered a motion on behalf of other appellants, is not a licensed attorney, may not practice law in Arkansas, and may not represent other appellants.).

[6] *McKibben v. Mullis*, 90 S.W.3d 442, 450 (Ark. App. 2002).